## Marley's Estate.

*Executors and administrators—Removal from jurisdiction of court—Removal from office.*

Where an executor, a priest, has accounted for all the moneys of the estate that came into his hands and has removed from the jurisdiction of the court, he will be removed at his own request from his office as executor, and his removal cannot be resisted by the life tenant of the estate, because he failed to bring a suit for a debt due the estate, and because he took credit in his action for certain legal expenses, where it appears that the estate was in no way injured by the neglect to bring suit, and that the expenses complained of were occasioned by the life tenant herself.

Argued May 14, 1901. Appeal, No. 160, April T., 1901, by Margaret Harrison, from decree of O. C. Mercer Co., Oct. T., 1898, No. 13, removing executor of the Estate of Bridget E. Marley. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition by executor for his own removal.

MILLER, P. J., filed the following opinion:

On January 7, 1901, the petition of Rev. B. Donahoe, as executor of Bridget E. Marley, deceased, was presented, setting forth, inter alia, that since filing his account as executor he has made certain disbursements of interest and costs, leaving a balance in his hands and due the estate, of $2,260.16; that Margaret Harrison, a sister of decedent, and to whom the interest on the funds of the estate are payable during her lifetime, claims that Saint Michael's Church, of Greenville, owes the estate of Bridget E. Marley, deceased, the sum of $1,000 ; that to test this question it would be necessary that a suit be entered against St. Michael's Church; that the said petitioner, since he qualified as executor, has removed from Mercer county to Venango county, and cannot give that attention to said estate that it requires, and he therefore asks the court to discharge him from his trust.

On this petition a rule to show cause why Rev. B. Donahue should not be discharged from his trust was granted, returnable on the third Monday of January, 1901.

On January 21, 1901, Margaret Harrison filed an answer to the petition of Rev. B. Donahoe, averring, inter alia, as follows :

1. That there was a certain note belonging to said decedent in her lifetime in the sum of $1,000, and that she had reason to believe that the said note was the individual note of the said Rev. B. Donahoe ; that she was informed that the same was signed by him, and that although it was his duty to include the same in his appraisement, as part of said estate and to charge himself therewith as executor, he had wholly neglected and refused to do so.

2. That failing to account for the said $1,000, he is personally responsible to the said Margaret Harrison for her interest in said fund.

3. That the petitioner does not charge himself with all the interest he should account for.

4. That he does not charge himself with the said $1,000.

5. That the item of $200 that the petitioner claims for expenses, and the item of $100 for counsel fees, are excessive and should be reduced.

The issue raised in the answer by the first, second, third and fourth objections have already been adjudicated by this court in a proceeding at No. 51, January term, 1899, orphans' court, so far as they relate to the accountant, Rev. B. Donahoe. The record and papers, including the report of S. R. Mason, Esq., auditor, at the said number and term, were offered in evidence in this proceeding.

In the proceeding at No. 51, January term, 1899, Margaret Harrison presented her petition, inter alia, alleging :

" That there is also a fund of $1,000 and interest belonging to the said estate, being a note from Rev. B. Donahoe, which is not included in said account or inventory," and praying the court to order Rev. B. Donahoe to pay to her the income on said $1,000.

Mr. Mason, the auditor, took testimony on said petition and rule, and on November 20, 1900, filed his report in court, which was confirmed absolutely on December 1, 1900. In the report of the auditor, on the question of the $1,000 note, he found (a) that a loan of $1,000 was made by Mrs. Marley in her lifetime to St. Michael's Church, and a note taken therefor from the

church, payable to Mrs. Marley; (*b*) that when the last instalment of interest was paid to Mrs. Marley by Rev. B. Donahoe, which was shortly before the death of Mrs. Marley, she told Rev. B. Donahoe that the note would never appear against the church; (*c*) that there was no evidence to show that the said note ever came into the hands of Rev. B. Donahoe since the death of Mrs. Marley.

So far as Rev. B. Donahoe is personally concerned, this is an adjudication of the question.

To collect this note it will be necessary to institute a suit against St. Michael's Church. Rev. B. Donahoe, as executor, or personally, has done nothing to invalidate the collection of this claim. Under the facts as found by the auditor, the church cannot avail itself of the bar of the statute of limitations, even if it desired to do so. Rev. B. Donahoe has removed from the county. It would be expensive and inconvenient for him to give this suit the attention it should have. He has accounted for all the moneys of the estate in his hands. During the argument of the case we suggested that suit should be instituted against the church to determine its liability for the interest to Mrs. Harrison. The suit has, since the argument, been brought in the court of common pleas of Mercer county.

So long as Mrs. Harrison lives there must be a trustee to invest and care for the funds of the estate and pay over the interest to her. It is to the interests of the estate that a trustee be appointed, if possible, who resides in Mercer county, and we are, therefore, of the opinion that the petition of Rev. B. Donahoe should be granted and that he should be discharged from the trust.

The objection that his fees and the fees of the attorney are excessive, is without merit. The evidence clearly shows that Mrs. Harrison had put Rev. B. Donahoe to unnecessary expense. In the hearings before the auditor, Mr. Mason, some five or six continuances were obtained by Mrs. Harrison, or her attorney, at all of which Rev. B. Donahoe was present at considerable expense. In all there were nine hearings of a case at which there should not have been more than two. It was stated on the argument, and not denied by Mrs. Harrison, or her attorney, that when her interest fell due she would neither accept a check nor personally come after the money, compelling Rev. B. Donahoe to

either take or send her the money in specie. This estate has been before the court several times at the instigation of Mrs. Harrison and, as it seems to the court, one purpose of it on the part of Mrs. Harrison was to annoy and vex Rev. B. Donahoe. So far as the court can observe from the hearings of the case, as well as from the evidence, Rev. B. Donahoe has acted in a spirit of fairness and integrity to all the parties involved.

And now, Feburary 11, 1901, the rule to show cause why Rev. B. Donahoe, executor of Bridget Marley, deceased, should not be discharged from his trust, came on to be heard and was argued by counsel, and after and upon full consideration, and for the reasons set out at length in an opinion this day filed, the account of the executor, Rev. B. Donahoe, of his management of said estate since his former account, is confirmed; and said executor having, in accordance with the direction of the court, commenced an action of assumpsit in the court of common pleas of Mercer county in favor of the estate of Bridget Marley and against St. Michaels Church of Greenville, the said executor is discharged from his trust and from further liability on account thereof on his paying over to his successor, when appointed, the funds of the estate in his hands, $2,260.16. And John Savage is hereby appointed trustee to take charge of the funds of the said estate upon his filing bond, to be approved by the court, in the sum of $4,000.

*Error assigned* was the decree of the court.

*W. H. Cochran*, for appellant, cited: Bird's Est., 6 Phila. 164; Long's Est., 6 Watts, 46; McNeel's Est., 68 Pa. 412; Moore's App., 10 Pa. 438; Springer's Est., 51 Pa. 344; Johnston's Est., 9 W. & S. 109; Charlton's App., 34 Pa. 474.

*B. Magoffin,* for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901:

The duties which Bridget E. Marley by her will imposed upon her executor included more than the mere collection and distribution of her estate. It was the intention of the testator that the money belonging to her estate should be kept invested and the net income thereof paid to Margaret Harrison

during the life of the latter.    There were no creditors of the estate.    The accountant was a trustee for investment, as well as for collection and distribution, and, when he found a claim due the estate reasonably secure and bearing interest, he was not required to exercise the same promptness in collection which would have been demanded of a mere administrator. The evidence does not disclose anything which would tend to indicate that the estate was prejudiced by the delay of the executor in bringing suit against Saint Michael's church.    The claim bore interest and the statute of limitations did not become a bar.    The estate lost nothing, and we cannot say that the learned judge of the court below committed an error in refusing to surcharge the executor.

The court below found "that the evidence clearly shows that Mrs. Harrison had put Rev. Donahue, the accountant, to unnecessary expense in the hearings before the auditor."    The appellant has not printed the evidence and we cannot say that the finding is not sustainable.    It was, therefore, no error to allow the accountant for the moneys and time which the appellant thus unnecessarilly compelled him to expend.    The residuary legatees might have had some ground for complaint that this money was taken out of the estate, but they acquiesce in the order of the court below and from this appellant the objection comes without merit.

The executor having satisfactorily accounted, and having shown that his duties as a priest of his church required him to remove from the jurisdiction of the court, there was no error in discharging him from the further execution of the trust. The appellant certainly ought not to complain of the voluntary retirement of the executor from a trust, his administration of which she has so presistently criticised.

The decree of the court below is affirmed, and the appeal dismissed at costs of the appellant.